## BEARDSLY & MALLET v. CURTICE.

Chancery will not interpose where it appears that the petitioner has adequate remedy at law.

PETITION in chancery, showing that on the 13th of May A. D. 1789, said Curtice gave to the petitioners and Matthew Mallet, a minor, a deed of twenty-two acres of land, to which he had no good title, for which they gave three notes, viz. Henry Beardsly one for £44, Salmon Mallet one for £44, and said Henry Salmon and Matthew one jointly for £44, all payable the 1st of April A. D. 1793 with interest; that afterwards and before said deed was recorded, it was agreed to throw up said bargain, they to deliver up said deed and said Curtice to deliver up said notes, and on the 11th of June A. D. 1789, they came together for that purpose; said Curtice pretended he had not got said joint note and executed a discharge from it, which with said deed and two separate notes were laid on the table; that said Curtice fraudulently catched up said deed and said discharge and carried them off, refusing to redeliver them to the petitioners, and had instituted a suit upon said joint note which was discharged, and had brought actions of trover for said separate notes, which the petitioners took up, and threatened to ruin the petitioners by suits in the law concerning said land, the title to which had been found and adjudged by court and jury not to have been in him at the time he gave said deed, but to the petitioners, and that he

was unable to pay a bill of cost — and pray that a perpetual injunction be laid upon said Curtice, not to prosecute any suit or suits upon said joint note, or for said separate notes, or for the recovery of said land. .

The respondent plead in abatement — That said petition did not contain proper and sufficient grounds for a decree in chancery.

Judgment of the court — That the plea is sufficient; for that the petitioners have adequate remedy at law for all the matters complained of.